GREGORY S. CORDREY (Bar No. 190144)
gcordrey@jmbm.com
ROD S. BERMAN (Bar No. 105444)
rberman@jmbm.com
REMI T. SALTER (Bar No. 316327)
rsalter@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiff Theragun, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERAGUN, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HYPER ICE, INC., a California corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. D849260S**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Theragun, LLC ("Plaintiff" or "Theragun") brings this action against defendant Hyper Ice, Inc. ("Defendant" or "Hyperice").

## THE PARTIES

1. Plaintiff is a Delaware limited liability company with its principal place of business at 9420 Wilshire Blvd., Fourth Floor, Beverly Hills, California 90212.

2. Plaintiff is informed and believes and based thereon alleges that Defendant is a corporation organized under the laws of the State of California with a principal place of business at 15440 Laguna Canyon Road, Suite 230, Irvine, California 92618.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a)-(b) because it involves substantial claims arising under the patent laws.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## GENERAL ALLEGATIONS

6. On May 21, 2019, the United States Patent and Trademark Office issued United States Patent Number D849260S, entitled "Massage Element" (hereinafter "the '260 Patent"). A true and correct copy of the '260 Patent is attached hereto as Exhibit 1.

7. Theragun is the assignee of the '260 Patent.

8. The '260 Patent pertains to a particular ornamental design for an attachment for percussive massage devices. The attachment head disclosed and claimed in the '260 Patent includes several ornamental features, including a circular dome-shaped head that comes to a "flattened" point. The dome-shaped head is placed atop a bottom piece that decreases in radius as it approaches the dome-shaped head. The bottom piece has a circular rounded ridge extending beyond the circumference of the dome-shaped head. The bottom piece nests under the dome-shaped head and, because of its unique shape relative to the dome-shaped head, forms a crevice or slot between the dome-shaped head and the bottom piece. These ornamental features, among others, give the attachment its distinct patented design.

9. Theragun is in the business of developing, manufacturing and selling percussive therapy devices. Theragun invests considerable time, effort and money in developing and protecting its intellectual property. Theragun's patented and patent-pending devices are innovative and have received industry praise and

1  recognition, including the 2019 A' Design Award in Digital and Electronic Devices
2  Design for its Theragun G3PRO design.
3      10.   Theragun is informed and believes and based thereon alleges that
4  Defendant began competing with Plaintiff in the percussive massage device industry
5  by manufacturing and selling percussive massage devices equipped with a nearly
6  identical head attachment to the design claimed in the '260 Patent (hereinafter the
7  "Infringing Attachment"). On June 1, 2019, Theragun first saw Defendant's
8  Infringing Attachment at the Granite Games CrossFit Competition in Minnesota.
9  Since then, Theragun has seen Defendant's Infringing Attachment being promoted
10 in a number of locations, including in gyms and on social media.







The Infringing Attachment has become integral to Defendant's product, as Defendant now prominently includes the Infringing Attachment as part of Defendant's newest product packaging.



From this, it is apparent that Defendant has been actively advertising its Infringing Attachment, touting the product throughout a variety of markets and to numerous audiences. Theragun is informed and believes that Defendant sells its Infringing Attachment in the same marketing channels as Theragun, including through Amazon, distributors, retailers, health clubs and gyms, and studios.

11. On June 3, 2019, Theragun notified Defendant by letter that their percussive device attachment infringes Theragun's '260 Patent and demanded that Defendant immediately cease the manufacture, offer for sale, sale, use and importation of the Infringing Attachment. On June 6, 2019 Defendant acknowledged receipt of Theragun's letter and stated it would respond by the end of the month. Defendant indeed responded, but Defendant did not state that it would immediately cease its infringing activities.

12. On June 6, 2019, Theragun responded to Defendant and stated that because the patent is presumed valid and a comparison of the patented design with the Infringing Attachment could be done in a matter of minutes, Theragun was not willing to wait until the end of the month. Theragun offered to give Defendant a week provided that Defendant immediately cease all offers for sale, sale, distribution and use of the accused product until the matter is resolved. The same day Defendant responded that it would not commit to responding by the following week. It also did not state that it would immediately cease its infringing activities.

13. Notwithstanding Plaintiff's demand and in conscious disregard of Plaintiff's intellectual property rights as set forth herein, Defendant has continued to use the Infringing Attachment in conjunction with its percussive massage devices and in direct competition with Plaintiff.

## FIRST CAUSE OF ACTION

**Patent Infringement of the '260 Patent (35 U.S.C. §§ 101 et seq.)**

14. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

1  15. At all times herein mentioned the '260 Patent was and is valid and fully
2  enforceable.
3  16. As shown below, a side by side comparison of Plaintiff's '260 Patent
4  and Defendant's Infringing Attachment quickly reveals that the Infringing
5  Attachment appears substantially the same as Plaintiff's '260 Patent to an ordinary
6  observer, the resemblance is such as to deceive such an observer, inducing him to
7  purchase one supposing it to be the other:



8
9
10
11
12
13
14
15
16
17
18
19  17. Defendant has and continues to directly infringe the '260 Patent by
20  making, using, offering for sale, selling and importing the Infringing Attachment in
21  conjunction with percussive massage devices competitive to Plaintiff.
22  18. Defendant's infringement is based upon literal infringement or
23  infringement under the doctrine of equivalents, or both.
24  19. At no time has Plaintiff granted Defendant authorization, license, or
25  permission to utilize the design claimed in the '260 Patent.
26  20. Plaintiff has been damaged by Defendant's acts of infringement of the
27  '260 Patent and Plaintiff will continue to be damaged by such infringement unless
28  enjoined by this Court. Plaintiff is entitled to recover damages adequate to

1 compensate for the infringement under 35 U.S.C. § 284.

2   21.  Plaintiff is, and has been, irreparably harmed by Defendant's on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Attachment becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Theragun enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Theragun's investment in building up the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendant's Infringing Attachment being sold at a price point lower than Theragun's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Attachment, and (8) Defendant's unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

  22.  Defendant's acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the enhancement of damages pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.  For an order finding that the '260 Patent is valid and enforceable;

B.  For an order finding that Defendant has infringed the '260 Patent directly, literally or by equivalents, in violation of 35 U.S.C. § 271;

C.  For an order finding that Defendant's infringement is willful;

D.  For an order temporarily, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees,

subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '260 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

E. For an order directing Defendant to file with the Court, and serve upon Theragun's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which it has complied with the injunction;

F. For an order awarding Theragun damages adequate to compensate Theragun for the infringement by Defendant, including disgorgement of profits or gains of any kind made by Defendant from its infringing acts, lost profits and/or reasonable royalty, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate under 35 U.S.C. § 284;

G. For an order awarding Theragun pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

H. For an order requiring an accounting of the damages to which Theragun is found to be entitled;

I. For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding Theragun its attorneys' fees;

J. For an order awarding Theragun its costs of court; and

K. Granting Theragun such other and further relief as the Court may deem just and proper.

DATED: June 21, 2019    GREGORY S. CORDREY
                        ROD S. BERMAN
                        REMI T. SALTER
                        JEFFER MANGELS BUTLER & MITCHELL LLP

                        By:    /s/ Remi T. Salter
                               REMI T. SALTER
                               Attorneys for Plaintiff Theragun, LLC

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED: June 21, 2019

GREGORY S. CORDREY
ROD S. BERMAN
REMI T. SALTER
JEFFER MANGELS BUTLER & MITCHELL LLP

By: */s/ Remi T. Salter*
REMI T. SALTER
Attorneys for Plaintiff Theragun, LLC